UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY F. FISHER,
    Petitioner,

v.

DIRECTOR OF OPS OF CDCR,
    Respondent.

Case No. 14-cv-02116-WHO (PR)

**ORDER OF DISMISSAL**

This federal action was filed as a petition for writ of habeas corpus, that is, as a challenge to the lawfulness or duration of petitioner Fisher's incarceration. A review of the petition, however, shows that Fisher sets forth claims regarding his jailors' handling of his legal materials and his cellmate assaulting him, rather than challenging the lawfulness or duration of his confinement. Therefore, if he prevails here it will not affect necessarily the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

1    In an appropriate case a habeas petition may be construed as a section 1983
2    complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may
3    construe a habeas petition as a civil rights action, it is not required to do so. Since the time
4    when the *Wilwording* case was decided there have been significant changes in the law. For
5    instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however,
6    the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required
7    to pay it, even if granted *in forma pauperis* status, by way of deductions from income to
8    the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to
9    file a habeas petition for which he or she would not have to pay a filing fee might feel
10   otherwise about a civil rights complaint for which the $350 fee would be deducted from
11   income to his or her prisoner account. Also, a civil rights complaint which is dismissed as
12   malicious, frivolous, or for failure to state a claim would count as a "strike" under 28
13   U.S.C. § 1915(g), which is not true for habeas cases.

    In view of these potential pitfalls for Fisher if the Court were to construe the petition as a civil rights complaint, the case is DISMISSED without prejudice to his filing a civil rights action if he wishes to do so in light of the above. The Court will send him a civil rights complaint form.

    Fisher's motion to proceed *in forma pauperis* (Docket No. 3) is GRANTED. His motions for the appointment of counsel (Docket Nos. 4 and 7) are DENIED as moot. He may refile such motions along with his civil rights complaint. The Clerk shall terminate Docket Nos. 3, 4, and 7, enter judgment in favor of respondent, and close the file.

    **IT IS SO ORDERED.**

    **Dated:** May 29, 2014

    _____
    WILLIAM H. ORRICK
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GARY FISHER,

        Plaintiff,

  v.

DIRECTOR OF OPS OF CDCR et al,

        Defendant.
                                      /

Case Number: CV14-02116 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Gary Fisher F85263
California Health Care Facility
P.O. Box 32080
Stockton, CA 95213

Dated: May 29, 2014

                                              Richard W. Wieking, Clerk
                                              By: Jean Davis, Deputy Clerk